**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelica Garcia,<br><br>                    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                    Defendant. | No. CV-21-00696-PHX-DLR<br><br>**ORDER** |

Plaintiff Angela Garcia applied for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits in May 2018. (AR 15.) After state agency denials, she appeared before an Administrative Law Judge ("ALJ"), who rejected the applications on November 15, 2019. (AR 12-38.) That decision became the final decision of the Commissioner of Social Security Administration ("Commissioner") when the Appeals Council declined to review it on March 5, 2021. (AR 1-7.) Plaintiff filed a complaint with this Court on April 22, 2021, seeking review of the denial of benefits. (Doc. 1.) The Court vacates and remands.

**I. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II. Analysis**

    **A. Opinions of Drs. Kapur and Sachdeva**

Plaintiff argues that the ALJ erred by rejecting the medical opinions of Drs. Kapur and Sachdeva. Before awarding or denying SSDI or SSI benefits, the ALJ must "articulate in [his] determination or decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. 20 C.F.R. § 404.1520c(b)(3). These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

The ALJ explained her reasoning for finding the opinions of Drs. Kapur and Sachdeva less persuasive, noting that their treatment notes did not contain abnormal findings that would support their opined extreme limitations. For example:

> [Dr. Sachdeva] explained the three fusion surgeries (2 lumbar and 1 cervical), which do support some limitation I the claimant's functioning, but he did not explain clinical or objective findings to support the extreme nature of these limitations. It appears to be based upon the claimant's subjective complaints.

(AR 27.) For Dr. Kapur, who opined that Plaintiff "can only frequently use the hands," the ALJ explained that "there is no support in this doctor's records and there is no consistency in other records for a limitation to frequent use of the hands." (AR 28.) The ALJ did not err in finding the opinions of Drs. Sachdeva and Kapur less persuasive.

**B. Plaintiff's symptom testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms

alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. This is the most demanding standard in Social Security cases. *Id.* at 1015. In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony," but cannot reject a claimant's testimony solely for "lack of medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ provided specific, clear, and convincing reasons to discount a portion of Plaintiff's symptom testimony, but not all of it. The ALJ found Plaintiff's alleged need for a cane contradicted by the record, noting that no physician proposed such a limitation, Plaintiff was observed ambulating without a cane, and her gait was observed to be normal. (AR 26.) The ALJ also noted that Plaintiff did not always follow the dietary treatment plan for her obesity or diabetes. (AR 24-25.) Failing, without explanation, to follow a proscribed treatment is a relevant ground for finding a claimant's complaints unreliable. *Bunnell*, 947 F.2d at 346. But, as the ALJ recognized, Plaintiff explained that she didn't follow the diet precisely because of challenges arising from other medical conditions. (*Id.*) As such, this noncompliance is not a convincing basis for discrediting Plaintiff's symptom testimony. For Plaintiff's remaining alleged limitations, the ALJ recited the medical evidence that did not support those limitations. (AR 24-26.) But lack of corroboration (as opposed to direct contradiction) is not enough. It was error to reject Plaintiff's testimony wholesale based on the absence of corroborating medical evidence.

### III. Conclusion

The ALJ appropriately articulated reasons for discounting the opinions of Drs. Kapur and Sachdeva. However, the ALJ did not provide the specific, clear, and convincing reasons to discount Plaintiff's symptom testimony. On remand, the ALJ is instructed to

reconsider Plaintiff's symptom testimony and, if any portions are found not credible, to specifically identify those portions and the reasons for the adverse credibility determination. The ALJ also may revisit any other determinations that might be impacted by the reconsideration of Plaintiff's symptom testimony.

**IT IS ORDERED** that the decision of the ALJ is **VACATED AND REMANDED** for proceedings consistent with this order. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 22nd day of September, 2022.

Douglas L. Rayes
United States District Judge